IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
2:13-CR-19-F-2

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **ORDER OF DETENTION PENDING** |
| ) | **TRIAL** |
| VELMA JERON ANTIONETT COLEMAN, ) | |
| ) | |
| Defendant. ) | |

This case came before the court yesterday, 19 June 2013, for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of an agent with the Federal Bureau of Investigation. Defendant presented the testimony of the proposed third-party custodian, her mother, and her brother. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required, and by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

**Background**

Defendant was charged in a three-count indictment on 11 June 2013 with: attempted robbery of a bank (Southern Bank in Roxobel, North Carolina), and aiding and abetting the same, in violation of 18 U.S.C. §§ 2113(a) and 2 (ct. 1); robbery of a convenience store (a

Wilco-Hess in Williamston, North Carolina), and aiding and abetting the same, in violation of 18 U.S.C. §§ 1951(b)(3) (Hobbs Act) and 2 (ct. 2); and use and carrying of a firearm, which was brandished, during and in relation to and in furtherance of the convenience store robbery, and aiding and abetting the same, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2. The alleged offense date in each count is 28 November 2012.

The evidence presented at the hearing showed that in order to help pay off a gambling debt of about $4,000, defendant obtained the agreement of her co-defendant, Randolph Levy Hyman, Jr. ("Hyman"), to rob the attendees at a gambling gathering on 27 November 2012. Hyman came to the location, but did not follow through with the robbery.

In lieu of that robbery, defendant developed the idea of robbing a bank the following day. On that date, 28 November 2012, she drove in her car with her boyfriend and Hyman to the Southern Bank in Roxebel and dropped Hyman off. He presented the teller with a note defendant had written. The note stated to the effect: "This is a robbery. Give me $6,000 and nobody will get hurt." The bank had bullet-proof glass, the teller refused to provide Hyman any money, he left the bank, and defendant picked him up.

Later that day, defendant and Hyman drove around Williamston looking for a convenience store to rob, ultimately deciding on a Wilco-Hess. Defendant, again driving her own car with Hyman and her boyfriend, dropped Hyman off at the convenience store around 8:30 p.m. Hyman was armed with a pistol, which defendant knew. Hyman robbed the convenience store of about $128. When Hyman exited the store, he discovered that defendant had left the area. He waited in bushes near the store for two to two and a half hours until she returned. She was accompanied by, not only her boyfriend, but three children sleeping in the back. She took Hyman and her boyfriend to the home of another person and then went home.

Hyman was recognized at the convenience store and subsequently arrested. He confessed to the conduct described above. Defendant was later arrested and also confessed. Defendant's boyfriend provided statements consistent with those of Hyman's and defendant's.

## **Discussion**

Given the nature of the charges, the rebuttable presumption of detention in 18 U.S.C. § 3142(e)(3) applies, and the court has considered it, although defendant proffered sufficient evidence to shift the burden of production to the government. In addition to the presumption, the principal findings and reasons underlying the court's determination that detention is required include the following: evidence showing that the government has a strong case, including the evidence reviewed above; the violent nature of the offenses charged; the circumstances of the offenses charged, including their relative recency, defendant's central role in the charged and related conduct, the use of a firearm in the convenience store robbery and her knowledge beforehand that it would be used, and her involvement of children in the convenience store robbery (which are likely her three children, although the record did not establish that fact); the seemingly erratic and unpredictable nature of defendant's offense and related conduct in light of her lack of a criminal record; the unsuitability of the proposed third-party custodial arrangement due to the proposed custodian's disabled status, her substantial childcare responsibilities in her home, and the extent of the risk of flight and danger presented by defendant; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, such as the family support available to her. It finds, however, that the factors favoring detention outweigh such evidence.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 20th day of June 2013.

James E. Gates
United States Magistrate Judge